REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : REDACTED |
| v. | : Criminal Action No. 07-118-SLR |
| JODY CHUBBS, | : |
| Defendant. | : |

FILED
NOV - 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SUPERSEDING INDICTMENT

### Introduction

1. At all times material to this Superseding Indictment, Bank One, Commerce Bank, Wachovia Bank, Sun National Bank, Citizens Bank, Artisans' Bank, and First Union Bank were federally insured financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, or FDIC.

2. At all times material to this Superseding Indictment, Jody Chubbs ("CHUBBS") had a mailing address in Middletown, Delaware.

3. From at least 2002 forward, CHUBBS and her husband, K.C., operated various businesses out of their Middletown, Delaware home including Chubbs Towing LLC. Through at least 2004, CHUBBS and K.C. also operated First State Filter and Fabrication out of a Newark, Delaware location.

4. From in or around January 2006, through in or around June 2007, in New Castle County, in the State and District of Delaware, CHUBBS devised schemes and artifices to defraud federally insured financial institutions out of money and property.

5. Beginning in or around January 2006, and continuing through in or around May 2007, defendant JODY CHUBBS opened a series of business checking accounts in the names of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication at, *inter alia*, Commerce Bank, Wachovia Bank, Sun National Bank, Citizens Bank, and Artisans' Bank. Defendant CHUBBS had signature authority on each of these business checking accounts.

6. Thereafter, beginning in or around March 2006 and continuing through in or around May 2007, CHUBBS deposited checks into each of the above business checking accounts. These checks were drawn on a line of credit and on business and personal checking accounts, including those in the names of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication. At the time she made the deposits, the defendant knew that the checks were worthless, as there were insufficient funds in the accounts on which the checks were written and/or the accounts on which the checks were written had been closed or suspended. The banks immediately credited the business checking accounts into which the defendant deposited the worthless checks. The defendant then withdrew funds from the above business checking accounts prior to discovery by bank officials that the deposited checks were worthless and fraudulent. In this way, the defendant obtained money and caused losses to the above-listed banks in excess of $70,000.

7. CHUBBS withdrew and attempted to withdraw funds from the business checking accounts of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication, knowing that there were insufficient funds in those accounts to cover these withdrawals.

8. CHUBBS also made various purchases, using check and/or debit cards associated with the business checking accounts of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication, knowing that there were insufficient funds in those accounts to cover these purchases.

## COUNT 1

9. From on or about January 17, 2006, through in or around April 2006, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Commerce Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and, in execution of the scheme, on or about March 10, 2006, the defendant deposited into Commerce Bank Account xxxxxxx7047 check nos. 1010 and 1025, for $3,800 and $6,640, respectively, drawn on Bank One/JP Morgan Chase Account Number xxxxxxx5844 (the "Bank One 5844" account), all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 2

10. From on or about May 10, 2006, through in or around June 2006, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Wachovia Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about May 10, 2006, using a Wachovia Bank ATM in the District of Delaware, the defendant deposited into Wachovia Bank Account Number xxxxxxxxx2208, in the name of First State Filter and Fabrication, check no. 1011, for $9,600, drawn on the Bank One 5844 account, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 3

11. From on or about February 8, 2007, through in or around May 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Citizens Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344,

and in execution of the scheme, on or about April 11, 2007, the defendant deposited into Citizens Bank Account xxxxxx1584, in the name of Chubbs Towing, check nos. 1013, 1015, and 1016, for $3,900, $4,200, and $6,440, respectively, all drawn on the Bank One 5844 account, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 4

12. From on or about April 18, 2007, through in or around June 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Sun National Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about April 26, 2007, the defendant deposited into Sun National Bank Account xxxxxx5549, in the name of Chubbs Towing LLC, check no. 1018, for $7,540, drawn on the Bank One 5844 account, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 5

13. From on or about May 22, 2007, through on or about May 30, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Artisans' Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about May 22, 2007, the defendant deposited into Artisans' Bank Account xxxxx0658, in the name of Chubbs Towing two checks, check no. 1021, for $12,200, drawn on the Bank One 5844 account, and check no. 1030, for $6,990, drawn on Citizens Bank account xxxxxx5121, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 6

14. On or about May 22, 2007, in New Castle County, within the District of Delaware, defendant JODY CHUBBS with intent to deceive, and for the purpose of opening a bank account with Artisans' Bank, falsely represented that Social Security account number xxx-xx-5858 had been assigned to her by the Secretary of the United States Department of Health and Human Services when, in fact, such number was not the account number assigned to her, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT 7

15. On or about May 22, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly use, without lawful authority, a means of identification, that is, a social security number of another person, during and in relation to a violation of the bank fraud statute, 18 U.S.C. § 1344, as described in paragraph 13 above, all in violation of Title 18, United States Code, Section 1028A(1).

## COUNT 8

16. At all material times, CVM Corporation ("CVM") was a corporation doing business at 402 Vandever Avenue, Wilmington, Delaware 19802.

17. At all material times and beginning in or about February 2000, CVM maintained a commercial checking account at First Union Bank ("First Union"), which CVM utilized as its corporate operating account ( "the CVM Operating Account"). J.W., E.W., and M.E. were the only authorized signatories for the CVM Operating Account. At all material times, CVM also maintained a payroll account with First Union ("the CVM Payroll Account").

18. At all material times and beginning in or about May 1999, defendant CHUBBS and her husband, K.C., maintained multiple checking accounts and a money market account with First Union.

19. At all material times and beginning in 2000, defendant CHUBBS was employed by CVM. Chubbs worked for CVM through at least in or about December 2002. CHUBBS acted as a bookkeeper, office manager, controller, and secretary-receptionist for CVM.

20. From in or around December 2001, through in or around March 2003, in New Castle County, in the State and District of Delaware, CHUBBS devised a scheme and artifice to obtain money and property under the custody and control of First Union Bank, a federally insured financial institution, by means of false or fraudulent pretenses, representations, or promises.

21. It was part of the defendant's scheme and artifice that, beginning in or around December 2001, and continuing through in or around March 2003, defendant CHUBBS began writing checks out of CVM's Operating Account, payable to various third parties, to pay for her personal and family expenses, including medical and dental expenses, utility and insurance bills, and credit card and mortgage payments. On many of these checks written from CVM's Operating Account, CHUBBS signed her own name; other times she forged the signature of "J.W.," an authorized signatory on the account. At the time she wrote these checks, Defendant CHUBBS knew that these funds were not being used for the benefit of CVM or for authorized CVM expenses or activities.

22. It was further part of the defendant's scheme and artifice that CHUBBS also wrote checks payable to herself totaling thousands of dollars. On most of these checks written from CVM's Operating Account, CHUBBS forged the signature of "J.W.," an authorized signatory on the account. CHUBBS then deposited these checks payable to herself into one of her First Union accounts. At the time CHUBBS deposited these forged "J.W." checks, she knew that the checks were fraudulent.

which is greater than $1,000 and which transactions affected interstate and foreign commerce, as set forth below:

| Count | Date (On or About) | Discover Card Holder/Number | Amount | Merchant Account Through Which Charges Processed |
|---|---|---|---|---|
| 9 | 04/04/07 | S.Z./ xxxx-xxxx-xxxx-7583 | $1,974.81 | AAA Towing, LLC - Merchant No. xxxxxx9514 |
| 10 | 04/04/07 | C.H./ xxxx-xxxx-xxxx-7512 | $1,984.71 | AAA Towing, LLC - Merchant No. xxxxxx9514 |
| 11 | 04/19/07 | C.H./ xxxx-xxxx-xxxx-7512 | $2,950.00 | J&K Transport, LLC xxxxxx9249 |
| 12 | 02/01/07 | M.E./ xxxx-xxxx-xxxx-0115 | $2,950.00 | Chubbs Towing LLC Merchant No. xxxxxx9758 |
| 13 | 02/01/07 | S.T./ xxxx-xxxx-xxxx-1465 | $2,950.00 | Chubbs Towing LLC Merchant No. xxxxxx9758 |
| 14 | 4/04/07 | J.P./ xxxx-xxxx-xxxx-8448 | $3,255.44 | AAA Towing, LLC - Merchant No. xxxxxx9514 |
| 15 | 4/19/07 | J.P./ xxxx-xxxx-xxxx-8448 | $2,650 | J&K Transport LLC - Merchant Number xxxxxx9249 |

All in violation of Title 18, United States Code, Section 1029(a)(5).

### Notice of Forfeiture

Upon conviction of any of the offenses alleged in Counts 1 through 5, 8, or 9-17 of this Superseding Indictment, defendant JODY CHUBBS shall forfeit to the United States pursuant to 18 U.S.C. Section 982(a)(2)(A) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including, but not limited to:

23. It was further part of the defendant's scheme and artifice that CHUBBS would and did transfer funds directly from CVM's Operating Account, sometimes through CVM's Payroll Account, to CHUBBS's own accounts at First Union for her personal benefit.

24. In this way, through fraudulent checks and transfers, the defendant obtained money from CVM's Operating Account and caused losses to CVM totaling in excess of $100,000.

**Charging Paragraph**

25. From in or around December 2001, through in or around April 2003, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to obtain moneys and other property under the custody and control of First Union Bank, a federally insured financial institution, as described more fully in paragraphs 16 through 24 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344(2), and, in execution of the scheme, on or about November 25, 2002, the defendant deposited into First Union Account xxxxxxx7790 check no. 10110, for $4,500, drawn on the CVM Operating Account Number xxxxxxx7900.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNTS 9-15

26. From in or about January 2007, through in or around ~~October~~ April mdc STH 2007, in the State and District of Delaware, defendant JODY CHUBBS, did knowingly and with intent to defraud effect transactions, with one or more access devices issued to mdc STH other persons, to wit, by allowing credit card transactions, using credit card numbers of various individuals, as alleged below, to be run through the merchant credit card accounts alleged below, when CHUBBS then and there well knew that those merchants had performed no services for which such payments were due or for which transactions were authorized, and for which transactions CHUBBS received payment and other things of value during the one year period beginning January 2007, the aggregate value of

**Money Judgment** - with respect to Counts 1 through 5, a sum of money equal to $72,638.92 in United States currency; with respect to Count 8, a sum of money equal to $4,500.00 in United States currency, each representing the amount of proceeds obtained as a result of the offense(s), to wit, violation(s) of 18 U.S.C. Section 1344, bank fraud; and, with respect to Counts 9-15, a sum of money equal to $18,714.96, representing the amount of proceeds obtained as a result of the offense(s), to wit, violation(s) of 18 U.S.C. Section 1029(a)(5), fraud in connection with access devices.

**Substitute Assets**

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant JODY CHUBBS shall forfeit substitute property: up to the value of $72,638.92, with respect to Counts 1 through 5 of this Superseding Indictment, up to the value of $4,500.00 with respect to Count 8, and up to the value of $18,714.96, with respect to Counts 9-15 of this Superseding Indictment, if by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: Shannon T. Hanson
Assistant U.S. Attorney

Dated:  November 6, 2007