

**REDACTED COPY**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-118-SLR |
| | : | |
| JODY CHUBBS, | : | |
| | : | |
| Defendant. | : | |

## SECOND SUPERSEDING INDICTMENT

### Introduction

1. At all times material to this Superseding Indictment, Bank of America, Bank One, Commerce Bank, Wachovia Bank, Sun National Bank, Citizens Bank, Artisans' Bank, Sovereign Bank, and First Union Bank were federally insured financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, or FDIC.

2. At all times material to this Superseding Indictment, Jody Chubbs ("CHUBBS") had a mailing address in Middletown, Delaware.

3. From at least 2002 forward, CHUBBS and her husband, K.C., operated various businesses out of their Middletown, Delaware home including Chubbs Towing LLC. Through at least 2004, CHUBBS and K.C. also operated First State Filter and Fabrication out of a Newark, Delaware location.

4. From in or around January 2006, through in or around August, 2007, in New Castle County, in the State and District of Delaware, CHUBBS devised schemes and artifices to defraud federally insured financial institutions out of money and property.

## FRAUDULENT CHECK SCHEME

5. Beginning in or around January 2006, and continuing through in or around May 2007, defendant JODY CHUBBS opened a series of business checking accounts in the names of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication at, *inter alia*, Commerce Bank, Wachovia Bank, Sun National Bank, Citizens Bank, and Artisans' Bank. Defendant CHUBBS had signature authority on each of these business checking accounts.

6. Thereafter, beginning in or around March 2006 and continuing through in or around May 2007, CHUBBS deposited checks into each of the above business checking accounts. These checks were drawn on a line of credit and on business and personal checking accounts, including those in the names of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication. At the time she made the deposits, the defendant knew that the checks were worthless, as there were insufficient funds in the accounts on which the checks were written and/or the accounts on which the checks were written had been closed or suspended. The banks immediately credited the business checking accounts into which the defendant deposited the worthless checks. The defendant then withdrew funds from the above business checking accounts prior to discovery by bank officials that the deposited checks were worthless and fraudulent. In this way, the defendant obtained money and caused losses to the above-listed banks in excess of $70,000.

7. CHUBBS withdrew and attempted to withdraw funds from the business checking accounts of Chubbs Towing, Chubbs Towing LLC, and First State Filter and Fabrication, knowing that there were insufficient funds in those accounts to cover these withdrawals.

8. CHUBBS also made various purchases, using check and/or debit cards associated with the business checking accounts of Chubbs Towing, Chubbs Towing LLC, and First State

Filter and Fabrication, knowing that there were insufficient funds in those accounts to cover these purchases.

### COUNT 1

9. From on or about January 17, 2006, through in or around April 2006, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Commerce Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and, in execution of the scheme, on or about March 10, 2006, the defendant deposited into Commerce Bank Account xxxxxxx7047 check nos. 1010 and 1025, for $3,800 and $6,640, respectively, drawn on Bank One/JP Morgan Chase Account Number xxxxxxx5844 (the "Bank One 5844" account), all in violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT 2

10. From on or about May 10, 2006, through in or around June 2006, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Wachovia Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about May 10, 2006, using a Wachovia Bank ATM in the District of Delaware, the defendant deposited into Wachovia Bank Account Number xxxxxxxxx2208, in the name of First State Filter and Fabrication, check no. 1011, for $9,600, drawn on the Bank One 5844 account, all in violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT 3

11. From on or about February 8, 2007, through in or around May 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme

3

and artifice to defraud Citizens Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about April 11, 2007, the defendant deposited into Citizens Bank Account xxxxxx1584, in the name of Chubbs Towing, check nos. 1013, 1015, and 1016, for $3,900, $4,200, and $6,440, respectively, all drawn on the Bank One 5844 account, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 4

12. From on or about April 18, 2007, through in or around June 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Sun National Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about April 26, 2007, the defendant deposited into Sun National Bank Account xxxxxx5549, in the name of Chubbs Towing LLC, check no. 1018, for $7,540, drawn on the Bank One 5844 account, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 5

13. From on or about May 22, 2007, through on or about May 30, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Artisans' Bank, a federally insured financial institution, as described more fully in paragraphs 1-8 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344, and in execution of the scheme, on or about May 22, 2007, the defendant deposited into Artisans' Bank Account xxxxx0658, in the name of Chubbs Towing two checks, check no. 1021, for $12,200, drawn on the Bank One 5844 account, and check no. 1030, for $6,990, drawn on

Citizens Bank account xxxxxx5121, all in violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT 6

14. On or about May 22, 2007, in New Castle County, within the District of Delaware, defendant JODY CHUBBS with intent to deceive, and for the purpose of opening a bank account with Artisans' Bank, falsely represented that Social Security account number xxx-xx-5858 had been assigned to her by the Secretary of the United States Department of Health and Human Services when, in fact, such number was not the account number assigned to her, in violation of Title 42, United States Code, Section 408(a)(7)(B).

### COUNT 7

15. On or about May 22, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly use, without lawful authority, a means of identification, that is, a social security number of another person, during and in relation to a violation of the bank fraud statute, 18 U.S.C. § 1344, as described in paragraph 13 above, all in violation of Title 18, United States Code, Section 1028A(1).

### CVM SCHEME

### COUNT 8

16. At all material times, CVM Corporation ("CVM") was a corporation doing business at 402 Vandever Avenue, Wilmington, Delaware 19802.

17. At all material times and beginning in or about February 2000, CVM maintained a commercial checking account at First Union Bank ("First Union"), which CVM utilized as its corporate operating account ("the CVM Operating Account"). J.W., E.W., and M.E. were the

only authorized signatories for the CVM Operating Account. At all material times, CVM also maintained a payroll account with First Union ("the CVM Payroll Account").

18. At all material times and beginning in or about May 1999, defendant CHUBBS and her husband, K.C., maintained multiple checking accounts and a money market account with First Union.

19. At all material times and beginning in 2000, defendant CHUBBS was employed by CVM. Chubbs worked for CVM through at least in or about December 2002. CHUBBS acted as a bookkeeper, office manager, controller, and secretary-receptionist for CVM.

20. From in or around December 2001, through in or around March 2003, in New Castle County, in the State and District of Delaware, CHUBBS devised a scheme and artifice to obtain money and property under the custody and control of First Union Bank, a federally insured financial institution, by means of false or fraudulent pretenses, representations, or promises.

21. It was part of the defendant's scheme and artifice that, beginning in or around December 2001, and continuing through in or around March 2003, defendant CHUBBS began writing checks out of CVM's Operating Account, payable to various third parties, to pay for her personal and family expenses, including medical and dental expenses, utility and insurance bills, and credit card and mortgage payments. On many of these checks written from CVM's Operating Account, CHUBBS signed her own name; other times she forged the signature of "J.W.," an authorized signatory on the account. At the time she wrote these checks, Defendant CHUBBS knew that these funds were not being used for the benefit of CVM or for authorized CVM expenses or activities.

22. It was further part of the defendant's scheme and artifice that CHUBBS also wrote checks payable to herself totaling thousands of dollars. On most of these checks written from CVM's Operating Account, CHUBBS forged the signature of "J.W.," an authorized signatory on

6

the account. CHUBBS then deposited these checks payable to herself into one of her First Union accounts. At the time CHUBBS deposited these forged "J.W." checks, she knew that the checks were fraudulent.

23. It was further part of the defendant's scheme and artifice that CHUBBS would and did transfer funds directly from CVM's Operating Account, sometimes through CVM's Payroll Account, to CHUBBS's own accounts at First Union for her personal benefit.

24. In this way, through fraudulent checks and transfers, the defendant obtained money from CVM's Operating Account and caused losses to CVM totaling in excess of $100,000.

**Charging Paragraph**

25. From in or around December 2001, through in or around April 2003, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to obtain moneys and other property under the custody and control of First Union Bank, a federally insured financial institution, as described more fully in paragraphs 16 through 24 above, incorporated herein by reference, in violation of 18 U.S.C. § 1344(2), and, in execution of the scheme, on or about November 25, 2002, the defendant deposited into First Union Account xxxxxxx7790 check no. 10110, for $4,500, drawn on the CVM Operating Account Number xxxxxxx7900.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## DISCOVER CARD SCHEME

### COUNTS 9-15

26. From in or about January 2007, through in or around October 2007, in the State and District of Delaware, defendant JODY CHUBBS, did knowingly and with intent to defraud effect transactions, with one or more access devices issued other persons, to wit, by allowing credit card

transactions, using credit card numbers of various individuals, as alleged below, to be run through the merchant credit card accounts alleged below, when CHUBBS then and there well knew that those merchants had performed no services for which such payments were due or for which transactions were authorized, and for which transactions CHUBBS received payment and other things of value during the one year period beginning January 2007, the aggregate value of which is greater than $1,000 and which transactions affected interstate and foreign commerce, as set forth below:

| Count | Date (On or About) | Discover Card Holder/Number | Amount | Merchant Account Through Which Charges Processed |
|---|---|---|---|---|
| 9 | 04/04/07 | S.Z./ xxxx-xxxx-xxxx-7583 | $1,974.81 | AAA Towing, LLC - Merchant No. xxxxxx9514 |
| 10 | 04/04/07 | C.H./ xxxx-xxxx-xxxx-7512 | $1,984.71 | AAA Towing, LLC - Merchant No. xxxxxx9514 |
| 11 | 04/19/07 | C.H./ xxxx-xxxx-xxxx-7512 | $2,950.00 | J&K Transport, LLC xxxxxx9249 |
| 12 | 02/01/07 | M.E./ xxxx-xxxx-xxxx-0115 | $2,950.00 | Chubbs Towing LLC Merchant No. xxxxxx9758 |
| 13 | 02/01/07 | S.T./ xxxx-xxxx-xxxx-1465 | $2,950.00 | Chubbs Towing LLC Merchant No. xxxxxx9758 |
| 14 | 4/04/07 | J.P./ xxxx-xxxx-xxxx-8448 | $3,255.44 | AAA Towing, LLC - Merchant No. xxxxxx9514 |
| 15 | 4/19/07 | J.P./ xxxx-xxxx-xxxx-8448 | $2,650 | J&K Transport LLC - Merchant Number xxxxxxx9249 |

All in violation of Title 18, United States Code, Section 1029(a)(5).

8

## MERCHANT ACCOUNT SCHEME

### COUNTS 16-19

27. At all times material to this Superseding Indictment, Bank of America and Sovereign Bank were federally insured financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, or FDIC.

28. From in or around June 2007, through in or around August 2007, in New Castle County, in the State and District of Delaware, Jody CHUBBS devised a scheme and artifice to obtain money and property under the custody and control of Bank of America and Sovereign Bank, federally insured financial institutions, by means of false or fraudulent pretenses, representations, or promises.

29. It was part of the defendant's scheme and artifice that, on or about June 4, 2007, CHUBBS opened a Bank of America checking account, number xxxxxxxx3916 using both her own name and the name of D.B. CHUBBS signed her own name and forged or caused to be forged the signature of D.B. to open this account as an authorized signer for the account. D.B. did not authorize the opening of this account.

30. It was further part of the defendant's scheme and artifice that on June 14, 2007, CHUBBS applied for a Bank of America merchant checking account in the name of "Air Solutions, LLC." On the application, CHUBBS claimed that D.B. was the one hundred percent owner of the business "Air Solutions, LLC." The application used D.B.'s social security number. D.B., however, was not in fact the owner of the business "Air Solutions, LLC," and did not have knowledge of the opening of this account nor did D.B. authorize CHUBBS to open this account.

31. It was further part of the defendant's scheme and artifice that, on June 14, 2007, CHUBBS sent and caused to be sent an email message from the email address airsolutions@aol.com to a Bank of America customer service representative. That email,

purportedly from D.B., asserted that D.B. had the authority to act on behalf of "Air Solutions," and authorized Bank of America to access D.B.'s credit report.

32. As a result of CHUBBS's actions, on June 15, 2007, Bank of America opened a merchant banking account number xxxxxxxxxxxx0798, in the name of D.B. and using D.B.'s social security number.

33. It was further part of the defendant's scheme and artifice that CHUBBS originally indicated on the application for Bank of America merchant account number xxxxxxxxxxxx0798 that credit card transactions should be directly deposited into the Bank of America checking account number xxxxxxxx3916.

34. It was further part of the defendants scheme and artifice, that thereafter, beginning in or around June 15, 2007, and continuing through in or around August 20, 2007, CHUBBS used the Bank of America merchant banking account number xxxxxxxxxxxx0798 for processing credit card transactions. During this time period, this account was used to process over $25,000 in credit card transactions.

35. It was further part of the scheme and artifice that, on or about June 21, 2007, CHUBBS opened a checking account with Sovereign Bank, number xxxxxx2068, under the name "Chubbs Transportation LLC," in which CHUBBS listed herself, "Jody Lynn Chubbs," as the owner and signer for the account. To open this account, CHUBBS also listed and caused to be listed D.B. on the account title and caused to be forged D.B.'s signature on the signature card as an authorized signer for the account. D.B. did not have knowledge of the opening of this account nor did D.B. authorize CHUBBS to open this account.

36. It was further part of the scheme and artifice that, on or about June 22, 2007, CHUBBS requested by phone that Bank of America modify the direct deposit destination for the Bank of America merchant account number xxxxxxxxxxxx0798, so that credit card transactions

processed through that account would now be directly deposited into the xxxxxxxx2068 Sovereign Bank checking account.

37. It was further part of the scheme and artifice that on or about July 25, 2007, CHUBBS opened another checking account with Sovereign Bank number xxxxxx2084, under the name "Chubbs Transportation LLC," in which CHUBBS listed herself, "Jody Lynn Chubbs," as the owner and signer for the account. To open this account, CHUBBS forged or caused to be forged D.B.'s signature on the signature card as an authorized signer for the account. D.B. did not have knowledge of the opening of this account nor did D.B. authorize CHUBBS to open this account.

38. It was further part of the scheme and artifice that, on or about July 26, 2007, CHUBBS requested by phone that Bank of America modify the direct deposit destination for the Bank of America merchant account number xxxxxxxxxxxx0798, so that credit card transactions processed through that account would now be directly deposited into the xxxxxx2084 Sovereign Bank checking account.

39. It was further part of the scheme and artifice that CHUBBS withdrew and attempted to withdraw funds from the Bank of America checking account number xxxxxxxx3916, and the Sovereign Bank checking account numbers xxxxxx2068 and xxxxxx2084 knowing that there were insufficient funds in those accounts to cover these withdrawals and knowing that some of the funds withdrawn from those accounts were the proceeds of fraudulent credit card transactions.

40. After identifying transactions as fraudulent or unauthorized, Bank of America attempted debit Sovereign Bank account number xxxxxx2084 to recover the amount of the transactions as a chargeback to the merchant; however, there were insufficient funds in Sovereign

11

Bank Account xxxxxx2084 to cover the full amount of the debit, leaving the Sovereign Bank Account with a negative balance.

### COUNT 16

41.   From on or about June 4, 2007, through in or around August 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of America, a federally insured financial institution, as described more fully in paragraphs 27-40 above, incorporated herein by reference, and in execution of the scheme, on or about June 14, 2007, the defendant opened a Bank of America merchant account number xxxxxxxxxxxx0798 by knowingly providing fraudulent information, to wit, applying for the account using D.B.'s name and social security number, when she knew that D.B. had not authorized her to open the account, all in violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT 17

42.   From on or about June 4, 2007, through in or around August, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of America, as described more fully in paragraphs 27-40 above, incorporated herein by reference, and in execution of the scheme, on or about June 14, 2007, the defendant did knowingly transmit and cause to be transmitted in interstate commerce a wire communication, that is an email dated June 14, 2007, from the address airsolutions@aol.com, in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 18

43.   On or about June 14, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly possess and use, without lawful authority, a means of identification, that is, a social security number of another person, during and in relation to a violation of the bank fraud

statute, 18 U.S.C. § 1344, as described in paragraph 41, incorporated herein by reference, all in violation of Title 18, United States Code, Section 1028A.

## COUNT 19

44. From on or about June 4, 2007, through in or around August, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of America, a federally insured financial institution, as described more fully in paragraphs 27-40 above, incorporated herein by reference, and in execution of the scheme, on or about June 4, 2007, the defendant opened a Bank of America checking account number xxxxxxxx3916 by knowingly providing fraudulent information, to wit, by applying for the account by forging or causing to be forged D.B.'s signature, when shew knew that D.B. had not authorized her to do so, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 20

45. From on or about June 4, 2007, through in or around August, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Sovereign Bank, a federally insured financial institution, as described more fully in paragraphs 27-40 above, incorporated herein by reference, and in execution of the scheme, on or about June 21, 2007, the defendant opened the Sovereign Bank account number xxxxxx2068 by knowingly providing fraudulent information, to wit, by applying for the account by forging or causing to be forged D.B.'s signature, when shew knew that D.B. had not authorized her to do so, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 21

46. From on or about June 4, 2007, through in or around August, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud Sovereign Bank, a federally insured financial institution, as described more fully in paragraphs 27-41 above, incorporated herein by reference, and in execution of the scheme, on or about July 25, 2007, the defendant opened the Sovereign Bank account number xxxxxx2084 by knowingly providing fraudulent information, to wit, by applying for the account by forging or causing to be forged D.B.'s signature, when shew knew that D.B. had not authorized her to do so, all in violation of Title 18, United States Code, Sections 1344 and 2.

## THE RV SCHEME

## COUNT 22

47. From in or around April 2007, until in or around May 2007, in the State and District of Delaware, Jody CHUBBS devised a scheme and artifice to defraud D.B. and others, including Sovereign Bank, by means of false or fraudulent pretenses, representations, or promises, in the purchase of a recreational vehicle ("RV").

48. It was part of the defendant's scheme and artifice, that on or about April 25, 2007, CHUBBS transmitted and caused to be transmitted an email by means of wire communication from the email address jodycvm@aol.com to sales representatives for Intercoastal Financial Group, Inc. The email contained an application for the purchase of an RV that purported to be from D.B., used D.B.'s social security number, and asserted that D.B. had a gross monthly income of $5,000. At the time, D.B. had not authorized or approved the use of his name and social security number in this email nor did he earn $5,000 per month.

49. It was further part of the defendant's scheme and artifice that, on or about May 1, 2007, CHUBBS forged or caused to be forged D.B.'s signature, without D.B.'s knowledge, on a purchase agreement for the RV, by which D.B. supposedly agreed to purchase the R.V. for $47,000.

50. It was further part of the defendant's scheme and artifice that, on or about May 1, 2007, CHUBBS forged or caused to be forged D.B.'s signature on a Note, Disclosure, and Security Agreement in order to obtain financing from Sovereign Bank in the amount of $48,671.50 to pay for the R.V.

51. It was further part of the defendant's scheme and artifice that, on or about May 4, 2007, CHUBBS caused D.B. to sign the documents needed to complete the RV transaction. To do so, CHUBBS falsely represented to D.B. that his signature was needed to secure a better interest rate for financing the R.V. and that D.B. would serve only as a co-signor. Actually, however, when D.B. signed the remaining paperwork, it listed D.B. as the sole owner of the R.V. Following this transaction, CHUBBS took possession of the R.V.

**Charging Paragraph**

52. From in or around April, 2007, until in or around May, 2007, in the District of Delaware, defendant JODY CHUBBS did knowingly execute and attempt to execute a scheme and artifice to defraud D.B. and others, including Sovereign Bank, as described more fully in paragraphs 47-51 above, incorporated herein by reference, and in execution of the scheme, the defendant did knowingly transmit and cause to be transmitted in interstate commerce a wire communication, that is an email dated April 25, 2007, from the address jodycvm@aol.com, in violation of Title 18, United States Code, Section 1343.

## Notice of Forfeiture

Upon conviction of any of the offenses alleged in Counts 1 through 5, 8, 9-17, 16-22 of this Second Superseding Indictment, defendant JODY CHUBBS shall forfeit to the United States pursuant to 18 U.S.C. Section 982(a)(2)(A) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including, but not limited to:

**Money Judgment** - with respect to Counts 1 through 5, a sum of money equal to $72,638.92 in United States currency; with respect to Count 8, a sum of money equal to $4,500.00 in United States currency, each representing the amount of proceeds obtained as a result of the offense(s), to wit, violation(s) of 18 U.S.C. Section 1344, bank fraud; and, with respect to Counts 9-15, a sum of money equal to $18,714.96, representing the amount of proceeds obtained as a result of the offense(s), to wit, violation(s) of 18 U.S.C. Section 1029(a)(5), fraud in connection with access devices.

///

**Substitute Assets**

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant JODY CHUBBS shall forfeit substitute property: up to the value of $72,638.92, with respect to Counts 1 through 5 of this Second Superseding Indictment, up to the value of $4,500.00 with respect to Count 8, and up to the value of $18,714.96, with respect to Counts 9-15 of this Superseding Indictment, if by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: _____
Ilana H. Eisenstein
Assistant U.S. Attorney

Dated: April 1, 2008